## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

RALPH ELLIOTT SHAW and JOAN )
SANDERSON SHAW )
)
      Plaintiffs, )
)
      v. )      C.A. No. 1:15-cv-00725-SLR-SRF
)
ANDRITZ INC., *et al.*, )
)
      Defendants. )
)

### REPORT AND RECOMMENDATION

At Wilmington this 21st day of December, 2015, I recommend that the court dismiss

Defendants, Bay Valley Pulp and Paper Co. ("Bay Valley") and Bird Escher Wyss, Inc. ("Bird

Escher"), from the above-captioned case without prejudice for the following reasons:

1.      On February 26, 2015, Plaintiffs filed the present asbestos related personal injury

action against multiple defendants in the Superior Court of the State of Delaware. (D.I. 1, Ex. A)

Defendant CBS Corporation removed the action to this court on August 21, 2015. (D.I. 1)

2.      On September 30, 2015, Plaintiffs filed a status report advising the court that

Defendants Bay Valley and Bird Escher had not yet been served with process. (D.I. 20)

Plaintiffs represented to the court that they were no longer pursuing service as to Bay Valley, and

that they were unable to complete service for Bird Escher, as the registered agent was no longer

viable. (*Id.*)

3.      On December 1, 2015, the court entered an order to show cause, on or before

December 15, 2015, why this court should not recommend that Bay Valley and Bird Escher be

dismissed from the action. (D.I. 49)

4.      To date, Plaintiffs have not responded to the order to show cause.

5.     Pursuant to the Federal Rules of Civil Procedure in effect at the time of filing, Plaintiffs had 120 days after filing the complaint to effectuate service on Bay Valley and Bird Escher. Fed.R.Civ.P. 4(m) (2007) (amended 2015).[1]  The court must dismiss a complaint without prejudice if the requirements of Rule 4(m) are not satisfied, unless a plaintiff shows good cause justifying an extension of time to complete service. *Id.*  If a plaintiff does not demonstrate good cause, the court has discretion to provide for an extension of time for service or to dismiss the complaint. *Petrucelli v. Bohringer and Ratzinger,* 46 F.3d 1298, 1305 (3d Cir. 1995).

6.     Plaintiffs have now failed to effectuate service against Bay Valley and Bird Escher almost ten months after the date the complaint was filed.  Moreover, Plaintiffs have failed to respond to the order to show cause. (D.I. 49) As such, Plaintiffs provide no justification for the court to extend time to complete service.  Therefore, I recommend that the court dismiss the complaint against Defendants, Bay Valley Pulp and Paper Co. and Bird Escher Wyss, Inc., without prejudice for failure to effectuate service within the time allotted.

7.     This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1.  The parties may file and serve specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2).  The written objections and responses are each limited to five (5) pages.

8.     The parties are directed to the court's Standing Order In Pro Se Matters For Objections Filed Under Fed. R. Civ. P. 72, dated November 16, 2009, a copy of which is available on the court's website, www.ded.uscourts.gov.

---

[1] The rules have since been amended to reflect a 90 day time limit. Fed.R.Civ.P. 4(m).

Dated: December 21, 2015

_____
Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE