IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: ASBESTOS LITIGATION | ) | |
| | ) | |
| RALPH ELLIOTT SHAW and JOAN SANDERSON SHAW, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 1:15-cv-00725-LPS-SRF |
| ANDRITZ INC, et al., | ) ) ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

## I. INTRODUCTION

This Report and Recommendation is limited to one pending motion for summary judgment in this asbestos-related personal injury action. The motion was filed by Defendant, Union Carbide Corporation ("Union Carbide"). (D.I. 99) For the reasons set forth below, the court recommends granting Union Carbide's motion for summary judgment.

## II. BACKGROUND

### A. Procedural History

Ralph Elliott Shaw and Joan Sanderson Shaw ("Plaintiffs") filed this asbestos action in the Delaware Superior Court against multiple defendants on February 26, 2015, asserting claims arising from Mr. Shaw's alleged harmful exposure to asbestos. (D.I. 1, Ex. 1 at ¶ 40) Defendant CBS Corporation removed the action to this court on August 21, 2015. (D.I. 1) Union Carbide filed a motion for summary judgment on January 30, 2017. (D.I. 99) Plaintiffs did not respond to the motion. On June 23, 2017, Plaintiffs' counsel sent a letter to the court asking the court to

grant Union Carbide's motion for summary judgment. (D.I. 115)

**B. Facts**

**a) Plaintiff's alleged exposure history**

Plaintiffs allege that Mr. Shaw developed mesothelioma as a result of exposure to asbestos-containing products during the course of his employment with General Dynamics Electric Boat Shipyard from 1952 to 1954 and from 1957 to 1968. (D.I. 1, Ex. 1 at ¶ 40) In addition, Mr. Shaw alleges he was exposed to asbestos from 1968 to 1996, as a result of his work at H. R. Hillery Company and the Sheet Metal Workers' Union. (*Id.*) Mr. Shaw also alleges that he was exposed to asbestos while performing construction on his home from the 1960s to the late 1970s, as well as performing maintenance work on his automobiles intermittently from 1951 to the 2000s. (*Id.*) Plaintiffs contend that Mr. Shaw was injured due to exposure to asbestos-containing products that Union Carbide manufactured, sold, distributed, licensed, or installed. (D.I. 1, Ex. 1 at ¶ 41) Accordingly, Plaintiffs assert negligence, willful and wanton conduct, products liability, conspiracy, and loss of consortium claims. (*Id.*, Ex. 1) Mr. Shaw was deposed on July 22, 2015.[1] (D.I. 32 at ¶ 4(c)(iii)) No other product identification witnesses were deposed.

**b) Plaintiff's product identification evidence**

Mr. Shaw did not identify an asbestos-containing Union Carbide product. (*See* D.I. 99)

---

[1] The deadline to complete depositions of all plaintiffs alleging exposure was July 22, 2015. (D.I. 32 at ¶ 4(c)(iii)) The deadline to complete depositions of all co-worker, product identification, and other exposure testimony witnesses was May 20, 2016. (*Id.* at ¶ 4(c)(iv)) The deadline to complete depositions of all defense fact witnesses was September 16, 2016. (*Id.* at ¶ 4(c)(v))

2

## III. LEGAL STANDARDS

### A. Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that could affect the outcome of the proceeding, and "a dispute about a material fact is 'genuine' if the evidence is sufficient to permit a reasonable jury to return a verdict for the nonmoving party." *Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011) (citing *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)).

The moving party bears the initial burden of proving the absence of a genuinely disputed material fact. *See Celotex*, 477 U.S. at 321. The burden then shifts to the non-movant to demonstrate the existence of a genuine issue for trial, and the court must view the evidence in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Williams v. Borough of West Chester, Pa.*, 891 F.2d 458, 460–61 (3d Cir. 1989); *Scott v. Harris*, 550 U.S. 372, 380 (2007). The non-movant must support its contention by citing to particular documents in the record, by showing that the cited materials do not establish the absence or presence of a genuine dispute, or by showing that an adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(A)–(B). The existence of some alleged factual dispute may not be sufficient to deny a motion for summary judgment; rather, there must be enough evidence to enable a jury to reasonably find for the non-moving party on the issue. *See Anderson*, 477 U.S. at 247–49. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Clark v. Welch*, Civ. NO.14-029-SLR, 2016 WL 859259, at *2 (D. Del. Mar. 3, 2016). If the non-movant fails to

make a sufficient showing on an essential element of its case on which it bears the burden of proof, then the movant is entitled to judgment as a matter of law. *See Celotex*, 477 U.S. at 322.

If a party fails to address another party's assertion of fact, the court may consider the fact undisputed, or grant summary judgment if the facts show that the movant is entitled to it. Fed. R. Civ. P. 56(e)(2)–(3).[2] A plaintiff's failure to respond "is not alone a sufficient basis for the entry of a summary judgment." *Anchorage Assocs. v. Virgin Islands Bd. Of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990). Even where a party does not file a responsive submission to oppose the motion, the court must still find that the undisputed facts warrant judgment as a matter of law. *Miller v. Ashcroft*, 76 F. App'x 457, 462 (3d Cir. 2003) (citing Fed. R. Civ. P. 56; *Lorenzo v. Griffith*, 12 F.3d 23, 28 (3d Cir. 1993)). In other words, the court must still determine whether the unopposed motion for summary judgment "has been properly made and supported." *Williams v. Murray, Inc.*, Civil No. 12–2122, 2014 WL 3783878, *2 (D.N.J. July 31, 2014)

---

[2] This section was added to Rule 56 to overcome cases in the Third Circuit that impaired the utility of the summary judgment device:

> A typical case is as follows: A party supports his motion for summary judgment by affidavits or other evidentiary matters sufficient to show that there is no genuine issue as to a material fact. The adverse party, in opposing the motion, does not produce any evidentiary matter, or produces some but not enough to establish that there is a genuine issue for trial. Instead, the adverse party rests on averments of his pleadings which on their face present an issue.

Fed. R. Civ. P. 56(e) Advisory Committee's Note. Before the amendment, the Third Circuit would have denied summary judgment if the averments were "well-pleaded," and not conclusory. *Id*. However, the Advisory Committee noted that summary judgment is meant to pierce the pleadings and to assess proof to see whether there is a genuine need for trial. *Id*. Accordingly, the pre-amendment Third Circuit precedent was incompatible with the basic purpose of the rule. *Id*. The amendment recognizes that, "despite the best efforts of counsel to make his pleadings accurate, they may be overwhelmingly contradicted by the proof available to his adversary." *Id*. The amendment, however, was not designed to affect the ordinary standard applicable to summary judgment. *Id*.

(quoting *Muskett v. Certegy Check Svcs., Inc.*, No. 08-3975, 2010 WL 2710555, at *3 (D.N.J. July 6, 2010)).

**B. Connecticut Law**

This court previously determined that Connecticut substantive law applies to all claims. (D.I. 95) Under Connecticut law, a plaintiff alleging products liability in a personal injury action must establish that:

> (1) the defendant was engaged in the business of selling the product; (2) the product was in a defective condition unreasonably dangerous to the consumer or user; (3) the defect caused the injury for which compensation was sought; (4) the defect existed at the time of the sale; and (5) the product was expected to and did reach the consumer without substantial change in condition.

*Bray v. Ingersoll-Rand Co.*, 2015 WL 728515, at *4 (D. Conn. Feb. 19, 2015) (citing *White v. Mazda Motor of Am., Inc.*, 313 Conn. 610, 622 (2014).

**IV. Discussion**

The court recommends granting Union Carbide's motion for summary judgment. Plaintiffs fail to create a material issue of fact as to whether, under Connecticut law, Union Carbide's product was a substantial contributing factor to Mr. Shaw's injury. Therefore, the court recommends granting summary judgment in favor of Union Carbide.

**V. Conclusion**

For the foregoing reasons, the court recommends granting Union Carbide's motion for summary judgment.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2). The objection and responses to the objections are limited to ten (10)

5

pages each. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878–79 (3d Cir. 1987).

The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: June 27, 2017

Sherry R. Fallon
United States Magistrate Judge